## In re Cox.

February 20, 1948.

Rehearing denied May 4, 1948.

Opinion of the Court by Judge Thomas—Disqualifying respondent.

This proceeding emanates from a recommendation filed in this court recommending the cancellation of a purported certificate of Howard Cox to practice law in this Commonwealth upon the ground that it is a forgery and therefore void. Such complaint was first begun in the Knox circuit court where respondent resides and was engaging in the practice of law, a privilege which he contends he had the right to pursue as given him by the McCreary circuit court on June 18, 1918, pursuant to the practice then relating to the acquirement of such certificates, which was that the applicant therefor should be examined by a committee of attorneys to determine his qualification, and if they found him qualified they so reported to that court and a certificate was granted.

The respondent contends that the certificate so issued to him by the McCreary circuit court, and all of the steps and orders taken therein, are genuine and were actually made; whilst the bar association of Barbour-

ville, as well as our present state bar association, to whom the question was later referred after citation of the respondent, declared that his certificate and all of the orders of the McCreary circuit court relating thereto were forgeries. By consent the evidence upon the only issue of forgery was agreed to be heard by affidavits and "to be treated as depositions of said witnesses," which is so stipulated in writing by respondent, who long after being admitted as a member of the Knox County bar appeared in this court, on January 19, 1941, and upon his motion he was admitted to practice law in this court. That order appears in Vol. 123, page 500 of the records of this court.

When the entry of that order became known to the local bar association of Barbourville, it, pursuant to a rumor that the certificate was not genuine, appointed a committee to investigate the legality of respondent's certificate. In the meantime H. M. Cline and John W. Sampson, the two examiners of respondent, had died, as well as the clerk of the McCreary circuit court, W. B. Creekmore. Also the courthouse at Whitley City, the county seat of that county, had been destroyed by fire with most of its records, including the alleged proceedings herein.

On the hearing before both committees, numerous affidavits were filed showing beyond controversy that respondent's certificate and all of the alleged orders of the McCreary circuit court relating thereto were forgeries. Likewise many affidavits of persons who were familiar with the signatures of deceased participants in the order granting respondent licenses were filed showing that the signatures of those who were deceased were not genuine but forgeries and which was fortified by the introduction of actual signatures of such participants, clearly demonstrating that such signatures claimed to be genuine by respondent were not made by them.

The then judge of the McCreary circuit court in his affidavit stated that he issued no such order, nor was any of the alleged proceedings in reference thereto made before him. Furthermore, it was clearly shown by that witness and others, that on the day respondent claims to have received his certificate no court was in session

in McCreary County, and that on that date regular court was being held in Whitley County at Williamsburg, Kentucky, one of the counties composing that circuit court district. No denial by appellant is made of the testimony revealed by any of those affiants, except in his response in which he claimed that his certificate to practice law in the Commonwealth was genuine. However, that response was denied and he introduced no counter testimony in contradiction of the numerous affidavits to which we have referred.

The record brought here became misplaced after it was first filed in this court but has since been discovered, hence the delay in this court's disposition of the matter.

We are thoroughly convinced that respondent's claimed certificate was and is a forgery and, therefore, void and did not confer upon him any privilege to practice law in this Commonwealth. No brief is filed in this case by either side and no judgment of the court was rendered from which an appeal was taken.

Wherefore respondent's certificate is cancelled and held for naught.